1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

                            Plaintiff,

        v.

SOURIYANH L. PASOMSOUK,

                            Defendant.

CASE NO. CR18-5094 BHS

ORDER DENYING
DEFENDANT'S MOTION FOR
COMPASSIONATE RELIEF

This matter comes before the Court on Defendant Souriyanh Pasomsouk's pro se

motion for compassionate release. Dkt. 940. The Court has considered the pleadings filed

in support of and in opposition to the motion and the remainder of the file and hereby

denies the motion for the reasons stated herein.

## I.   FACTUAL & PROCEDURAL BACKGROUND

On March 14, 2018, a grand jury returned an indictment charging twenty

defendants—including Pasomsouk—with Conspiracy to Distribute Controlled Substances

in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C). Dkt. 1. Pasomsouk was

specifically charged with one count Conspiracy to Distribute Controlled Substances and

one count Felon in Possession of a Firearm. Dkt. 239. On September 20, 2018,

1   Pasomsouk pled guilty to both counts. Dkts. 458, 459. On January 15, 2019, Pasomsouk

2   was sentenced to 96 months imprisonment. Dkts. 674, 675. At the time of briefing,

3   Pasomsouk was housed at the Victorville Federal Correctional Center. Dkt. 977 at 5.

4   Pasomsouk is currently housed at the Federal Transfer Center in Oklahoma City,

5   Oklahoma ("FTC Oklahoma City") and is scheduled to be released on March 2, 2025.

6         On September 28, 2020, Pasomsouk filed a pro se motion for compassionate

7   release. Dkt. 940. Counsel was subsequently appointed, Dkt. 941, and the parties

8   stipulated to allow counsel to file a supplemental brief, Dkt. 972. No supplemental

9   briefing was filed, and on January 19, 2021, the Government responded, Dkt. 977, and

10  filed a motion for leave to file overlength response, Dkt. 976, and a motion to seal, Dkt.

11  978.[1] On January 26, 2021, Pasomsouk replied. Dkt. 980.

12  ## II.   DISCUSSION

13        Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence

14  of imprisonment "constitutes a final judgment and may not be modified by a district court

15  except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010)

16  (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C.

17  § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended

18

19

---

20      [1] The Government argues that the exhibits it submits in support of its response should
21  remain under seal because they contain Pasomsouk's personal information. Dkt. 978. The Court
    agrees and **GRANTS** the motion. Furthermore, the Court **GRANTS** the Government's
    unopposed motion for leave to file a response in excess of the twelve-page limitation set by
22  Local Rule CrR 12(c)(5). Dkt. 976.

§ 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district

court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction;
> ***
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; . . . .

18 U.S.C. § 3582(c)(1)(A). Accordingly, a court may reduce a sentence upon motion of a

defendant provided that: (1) the inmate has either exhausted his or her administrative

appeal rights of the Bureau of Prison's ("BOP") failure to bring such a motion on the

inmate's behalf or has waited until 30 days after the applicable warden has received such

a request; (2) the inmate has established "extraordinary and compelling reasons" for the

requested sentence reduction; and (3) the reduction is consistent with the Sentencing

Commission's policy statement. *See id*.

The Sentencing Commission's policy statement referenced in 18 U.S.C.

§ 3582(c)(1)(A)(i) provides, in relevant part:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1)(A) Extraordinary and compelling reasons warrant the reduction;

\*\*\*
    (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
    (3) The reduction is consistent with this policy statement.

United States Sentencing Guidelines ("USSG") § 1B1.13. However, circuits across the country have held that § 1B1.13 is inapplicable to defendant-initiated motions for compassionate release. *See, e.g.*, *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020) ("We now join the majority of district courts and the Second Circuit in holding that the passage of the First Step Act rendered USSG § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release." (internal citation omitted)). Rather, USSG § 1B1.13 is helpful guidance to the Court when exercising its discretion.

      Therefore, on a defendant-initiated motion under the First Step Act, the defendant must show that they have extraordinary and compelling reasons to warrant their release, and the Court must consider the sentencing factors under 18 U.S.C. § 3553(a).

      As a preliminary matter, Pasomsouk bears the burden of showing that he exhausted his administrative rights with the BOP before filing his compassionate release motion. *See United States v. Van Sickle*, 2020 WL 2219496, at \*3 (W.D. Wash. May 7, 2020) (collecting cases). He has not made such a showing. Though Pasomsouk argues that the Court can excuse the statutory requirement as a matter of statutory interpretation, Dkt. 980 at 3, the Court has not interpreted 18 U.S.C. § 3582(c)(1)(A) as such, *id.* at \*4 ("the plain language of 18 U.S.C. § 3582(c)(1)(A) reveals that the administrative exhaustion requirement is mandatory in nature"). District and circuit courts around the

country have grappled with the meaning of the First Step Act, especially in the context of

the COVID-19 pandemic, and have consistently held that exhaustion is a mandatory

requirement. *See, e.g.*, *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (failure to

comply with § 3582(c)(1)(A)'s exhaustion requirement "presents a glaring roadblock

foreclosing compassionate release at this point."); *United States v. Alam*, 960 F.3d 831

(6th Cir. 2020) ("it does not follow that Congress meant to excuse prisoners' failure to

follow an exhaustion requirement that it deliberately added in the *same* amendment."

(emphasis in original)); *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020) ("The

First Step Act, in clear language, specifies what a defendant must do before she files a

motion for compassionate release in federal court. Specifically a defendant must submit a

request to 'the Bureau of Prisons to bring a motion on the defendant's behalf.'" (citing 18

U.S.C. § 3582(c)(1)(A)).

The Court understands that Pasomsouk's disabilities may limit his physical ability

to write the warden a request for compassionate release, but the Court is bound by the

plain language of the statute and a showing of exhaustion must be made. Pasomsouk has

not met his burden, and, therefore, his motion is denied without prejudice.[2] *Alam*, 906

F.3d at 836 (affirming the district court's dismissal without prejudice).

---

[2] Though the Court does not reach the merits of the motion, the Court notes that
Pasomsouk has previously tested positive with COVID-19. While a previous positive COVID-19
test is not conclusive on a motion for compassionate release, it is consistent with this Court's
precedent to find that absent a *specific* showing that the defendant themselves remains
susceptible to reinfection, a previous diagnosis of COVID-19 cuts against a finding of
extraordinary and compelling reasons. *See, e.g.*, *United States v. Christensen*, No. CR18-5411
BHS, 2020 WL 5982104, at *3 (Oct. 8, 2020 W.D. Wash.).

### III.  ORDER

Therefore, it is hereby **ORDERED** that the Government's motion for leave to file overlength response, Dkt. 976, and motion to seal, Dkt. 978, are **GRANTED** and that Defendant Pasomsouk's motion for compassionate release, Dkt. 940, is **DENIED without prejudice**.

Dated this 3rd day of February, 2021.

BENJAMIN H. SETTLE
United States District Judge